[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FIFTH COUNT OF THE COMPLAINT
The plaintiff has instituted the present action seeking to recover damages for personal injuries claimed to have been sustained when her vehicle was struck by a fire truck owned by the Town of Greenwich. In the Fifth Count of the complaint the plaintiff asserts a cause of action against the Chief of the Greenwich Fire Department and alleges that he was negligent in that;
 "(a) He failed to carry out his duties with regards to maintenance and repair of the Town of Greenwich fire trucks.
 (b) He failed to properly carry out his duties with regards to the repair and maintenance of the braking systems on the Town of Greenwich fire trucks.
 (c) Failed to adequately supervise the repair and maintenance of the Greenwich fire trucks.
 (d) Failed to cause proper inspection of the Town of Greenwich fire trucks.
 (e) Failed to properly supervise, instruct and train Town of Greenwich firemen with regard to the operation of the Town of Greenwich fire trucks."
The defendant has moved to strike the Fifth Count of the complaint on the grounds that the allegations contained therein refer to discretionary public or governmental duties for which the defendant is immune from liability.
In the determination of a Motion to Strike, Court must construe the allegations of the complaint most favorably to the plaintiff but, notwithstanding this procedure, our courts, in certain situations, have approved the practice of deciding the issue of governmental immunity as a matter of law. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Thus when it appears from the face of the complaint that the defense of governmental immunity is applicable, the issue may be attacked through a Motion to Strike. Brown v. Branford, 12 Conn. App. 106,111, n. 3. (1987).
A municipal employee has a qualified immunity in the performance of a governmental duty but he may be liable if he misperforms ministerial acts as opposed as to discretionary acts. Evon v. Andrews, 211 Conn. 501, 505, (1989). The determination of whether the claims asserted in Count Five of the complaint are barred by governmental immunity depends upon the nature of the defendant's acts. The issue before the court is not whether the CT Page 2637 plaintiff is likely to be able to prove her case. Construing the allegations of the complaint most favorably to the plaintiff, it appears that the allegations are broad enough to permit proof of facts as to whether the defendant's alleged acts were discretionary or ministerial. Accordingly, the issues of governmental immunity should be raised as a special defense and the Motion to Strike is accordingly denied.
RUSH, JUDGE